UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PETER S. BEZICH, individually and on behalf of a class of others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-CV-200-JVB |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Peter S. Bezich brought a class action suit in state court against Defendant Lincoln National Life Insurance Company, alleging that Defendant deducted monthly Cost of Insurance ("COI") charges in breach of the terms of his variable life insurance policy. On the basis of this allegation, Plaintiff asserts a single claim for breach of contract.

Defendant removed the case to this Court, asserting the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), as the basis for the Court's jurisdiction. Plaintiff filed a Motion to Remand (DE 10) alleging that his claim is excluded from this Court's jurisdiction under one of CAFA's exceptions.

**A. Background and Facts**

In December 1996, Plaintiff Peter S. Bezich purchased a "flexible premium variable life insurance policy" from Defendant Lincoln National Life Insurance Company's predecessor in interest, Chubb Life Insurance Company of America. The initial amount of the policy was

$200,000. The policy provides that premium payments, interest, and investment earnings are credited every month to the policy's accumulated value. Also, the policy's terms define the charges that Defendant may deduct from premiums or the accumulated value of the policy. Specifically, the policy provides for a monthly COI deduction in part determined by expected mortality.

The single flexible premium variable life insurance policy consists of two components: a General Account and Separate Account A. Unlike a traditional universal life insurance policy, which accumulates cash value as a result of premiums deposited into the General Account, the variable policy allows insureds to participate in the investment experience of Separate Account A. Insureds participate by allocating premiums between both Accounts. The COI is deducted in proportion from the monthly premiums allocated to each Account. Thus, COI charges can affect the General and Separate Account's earnings.

Defendant has registered the flexible premium variable life insurance policy at issue with the Securities Exchange Commission, under the Securities Act of 1933 and under the Investment Company Act of 1940.

On June 19, 2009, Plaintiff, individually and on behalf of a class of other similarly situated policy holders, filed a complaint of a single claim for breach of contract in the Allen Circuit Court. Plaintiff alleged that each month Defendant deducted COI amounts unrelated to mortality in breach of the policy. Plaintiff asserted that Defendant damaged Plaintiff and all other similarly situated policy holders by deducting COI amounts in excess of those allowed by the policy. Plaintiff seeks compensatory damages and restitution in the amount of the COI charges Defendant deducted in excess of the amounts allowed under the policy.

On July 24, 2004, Defendant removed the case to this Court, asserting CAFA as its jurisdictional basis. On August 7, 2009, Plaintiff filed a motion to remand the case to state court under the securities exception of CAFA. *See* 28 U.S.C. § 1332(d)(9). The Court heard arguments on March 22, 2010.

**B. Legal Standard**

A case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Under CAFA, district courts have original jurisdiction over any class action where the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs) and where there is minimal or incomplete diversity of citizenship among the parties. 28 U.S.C. § 1332(d)(2). However, CAFA provides several exceptions to this conferral of jurisdiction. *See* 28 U.S.C. § 1332(d)(9). One exception is for a "class action that solely involves a claim . . . that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(C); *see* 28 U.S.C. § 1453(d)(3) (prohibiting removal of such a class action to a district court of the United States). As the Seventh Circuit has indicated, this exception "applies to suits asserting that the promises made in securities have not been honored." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009) (considering the effect of § 1453(d)(3)).

Normally, the proponent of remand under CAFA bears the burden of persuasion. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Yet, when a proponent has

met the removal requirements, the burden shifts to the party claiming the jurisdictional exception under CAFA. *See Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (holding that the similarly mandatory "home-state controversy" exception of 28 U.S.C. § 1332(d) "logically shifts the burden of persuasion to the plaintiff to show that the general rule does not apply"). *See also Puglisi v. Citigroup Alternative Invs.*, No. 08 CV 9774(NRB), 2009 WL 1515071, at *1 (S.D. N.Y. May 29, 2009) (finding that if the initial requirements of CAFA are met, the plaintiff bears the burden that one of the 28 U.S.C. § 1332(d)(9) exceptions apply).

**C. Discussion**

Title 28 U.S.C. § 1332(d)(9)(C) states that CAFA removal "shall not apply to any class action that solely involves a claim . . . that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." In *Pew v. Cardarelli*, 527 F.3d 25 (2nd Cir. 2008), the only major Circuit opinion addressing this precise issue, the Second Circuit analyzed the text of 28 U.S.C. § 1332(d)(9). The court determined that 28 U.S.C. § 1332(d)(9) could not be read to cover "any and all claims that relate to any security." *Id.* at 31. Instead, the exception applies to suits asserting that the promises made in securities have not been honored." *Katz*, 552 F.3d at 563. *See Pew*, 527 F.3d at 32 (stating that claims relating to the rights and obligations of a security must be grounded in the terms of the security itself). To interpret the statute otherwise would render the limiting language of superfluous. *Pew*, 527 F.3d at 31.

Defendant makes several arguments that this exception does not apply to Plaintiff's breach of contract claim. First, Defendant argues that the variable life insurance policy should be

4

split into its two parts–insurance and security. Plaintiff responds that he was issued a single policy, that policy was registered with the SEC, and his COI charges are taken in proportion from the premiums allocated to the different Accounts. The Court finds that the variable life insurance policy cannot be split into two parts for the purpose of this analysis, given the facts set forth by Plaintiff. The policy at issue is a security for the purposes of CAFA.

Second, Defendant argues that Plaintiff's claim does not solely relate to a security because the claim concerns the a traditional life insurance deduction. Defendant further rejects the Plaintiff's assessment that claims having any relationship with a registered security would bar CAFA jurisdiction. Both parties rely on *Pew* for support. Plaintiff stated at argument that setting the amount of a monthly deduction was analogous to the Second Circuit's dicta in *Pew* that interest rates claims would be grounded in the terms of a security. While the COI is not an interest that accrues to the insured, it is a deduction that takes away potential investment earnings from the insured. In response, Defendant distinguishes the two, arguing that an interest rate goes to "the heart of a security" and Plaintiff's claim does not involve the security.

The Court is persuaded by Plaintiff's argument. *Pew* and *Katz* involved fraud claims—claims clearly not grounded in the terms of a security. Defendant's position is too narrow given the statute's wording and misstates the terms of Plaintiff's variable life insurance policy, because the COI directly affects the Separate Account. The Court does not rely on *Pew*'s dicta to limit the types of claims barred by CAFA to those only relating to traditional definitions of a security, when the claim at issue directly relates to the terms of this security. This finding is likewise not so broad to include any claim relating to a security, as the Seventh Circuit rejected in *Katz*. But, here the COI is deducted from premiums allocated to the Separate Account A: thus

the claim asserts that promises made in a security have not been honored.

Third, Defendant argues that federalism requires that CAFA be interpreted to grant federal jurisdiction over cases with national impact. Defendant is correct that CAFA was designed to relocate a large portion of class action litigation into federal court from state court, but national impact is not the statute's only consideration. If Congress had intended that disputes with national impact should trump the securities exception, it would have said so. *See Greenwich Fin. Servs. Distressed Mort. V. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 198 (S.D. N.Y. 2009) (finding that requirements and exceptions negate a blanket "national impact" argument).

**D. Conclusion**

Accordingly, Plaintiff's Motion to Remand (DE 10) is granted.

SO ORDERED on March 29, 2010.

                                                s/ Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United States District Judge